UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                               Case No. 08-50416
                                                                             Hon. Sean F. Cox

KIMBERLY CARR-JOHNSON

    Defendant.
_____

# ORDER

This matter is before the Court on Defendant's Motion To Expunge her Arrest Record. For the following reasons, the Court **DENIES** Defendant's Motion.

On January 6, 2003, the government filed a complaint alleging Defendant violated 18 U.S.C. § 1711 by embezzling money from her job at the United States Post Office. An arrest warrant was issued. Defendant was arrested and released on bond. On January 27, 2003, the government filed a motion to dismiss the complaint without prejudice. The motion was granted and the complaint was dismissed without prejudice on January 27, 2003.

On April 2, 2008, Defendant filed the instant Motion to expunge her arrest record in order to obtain employment in the home health care industry.

The Sixth Circuit has held that "[i]t is within the inherent equitable powers of the a federal court to order the expungement of a record in an appropriate case." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). However, in an unpublished decision, the Sixth Circuit also held that because the government has a strong interest in maintaining their records, "the

1

expungement power is narrow and appropriately used only in extreme circumstances." *United States v. Robinson*, 79 F.3d 1149, *1 (6th Cir. 1996). The court noted "federal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *Id.* at *2.

In this case, Defendant asks that her arrest record be expunged so she can obtain employment. The court in *United States v. Flagg*, 178 F.Supp.2d 903 (S.D.Ohio 2001), addressed a similar situation. In *Flagg*, the court held that records of valid arrests, indictments or convictions ordinarily may not be expunged. *Id.* at 905. "The rationale for generally refusing to expunge arrest or indictment records is that an arrest or indictment has independent legal significance, insofar as it shows the existence of probable cause to believe that a defendant committed a crime, even when the Government ultimately fails to prove guilt." *Id.* Even assuming the defendant would suffer adverse consequences without expungement, because the arrest was valid and the government did not concede the defendant was innocent, the *Flagg* court found that the defendant's arrest record could not be expunged. Likewise in this case, Defendant is not entitled to expungement. There is no indication that her arrest was invalid or that the government concedes she was innocent. Defendant does not offer any other persuasive reason for expunging the record of her arrest.

Defendant's Motion to Expunge Her Arrest Record is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 10, 2008	S/ Sean F. Cox
	Sean F. Cox
	United States District Court Judge

---

**PROOF OF SERVICE**

The undersigned certifies that on June 10, 2008, the foregoing order was served upon counsel of record via the Court's ECF System and via First Class Mail upon:

Kimberly Carr-Johnson
3017 Webb
Detroit, MI 48206	s/Jennifer Hernandez
	Case Manager to
	District Judge Sean F. Cox